PATRICK McINTYRE v. CITY OF ASHEVILLE.

(Filed 18 December, 1907).

Cities and Towns—Prohibition—Revisal, sec. 2073—Stock on Hand—License—Aldermen.

> After the town has voted prohibition, and after the expiration of the license of the applicant, the Board of Aldermen is without authority to issue a license for six months for the applicant "to close out his stock on hand." Revisal, sec. 2073. The proviso of the statute allowing time for such purpose is only given when the license is in force.

APPLICATION by plaintiff for writ of *mandamus* to compel defendant to issue him a license to sell spirituous liquors, etc., in the city of Asheville.

The writ was refused, and the plaintiff appealed.

The pertinent facts sufficiently appear in the opinion.

*Merrick & Barnard (Jones & Williams, Adams & Adams* and *Thomas Settle* on the brief) for plaintiff.

*Tucker & Murphy* and *H. B. Carter* for defendant.

MCINTYRE *v.* ASHEVILLE.

CLARK, C. J.    At a local option election held in Asheville 8 October, 1907, the city voted for the prohibition of the sale of spirituous, vinous or malt liquors.    The plaintiff is the holder of a license to sell liquor in said city, issued 1 July, 1907, to continue till 31 December, 1907.    He applied to the Board of Aldermen for renewal of his license to 7 April, 1908, on the ground that, under the statute, he was entitled to six months after the adoption of prohibition before closing up. The board refused an extension of his license after 31 December, 1907, on the ground that it had no power to grant it. The plaintiff brings this action to obtain a *mandamus* to compel a renewal of his license, after its expiration on 31 December, 1907.

Revisal, sec. 2073, makes it unlawful for the county commissioners of any county or the governing body of any town in which prohibition of the sale of spirituous, vinous or malt liquors has been adopted to grant license to sell them.    The plaintiff rests his case upon the proviso to said section 2073, that "Liquor dealers in such cities or towns, holding license at the time of the election, shall be allowed six months after such election in which to close out their stock in hand at the time of such election, *if their license remain so long in force.*"

It will be noted that there is no exception to the provision making it unlawful to issue license after the vote in favor of prohibition is adopted.    The proviso merely allows the liquor seller six months in which "to close out his stock in hand," if his license remain so long in force.    Here the license expires in less than six months, *i. e.,* on 31 December, 1907, and it was rightly held that the Board of Aldermen had no power to renew it.    The judgment is

Affirmed.